# United States District Court
## For The Western District of North Carolina

UNITED STATES OF AMERICA

V.

RAYMOND RONALD JENNINGS

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 1:05cr15-1

USM Number: 22646-057
William Jennings
Defendant's Attorney

**FILED**
ASHEVILLE, N. C.

JAN 1 9 2006

U.S. DISTRICT COURT
W. DIST. OF N. C.

THE DEFENDANT:

__X__ pleaded guilty to count(s) 1.
___ Pleaded nolo contendere to count(s) which was accepted by the court.
___ Was found guilty on count(s) after a plea of not guilty.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title and Section | Nature of Offense | Date Offense Concluded | Counts |
|---|---|---|---|
| 18 USC 2113(a), 2 | Bank robbery by violence; aid & abet same | 6/9/04 | 1 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984, United States v. Booker, 125 S.Ct. 738 (2005), and 18 U.S.C. § 3553(a).

___ The defendant has been found not guilty on count(s) .
___ Count(s) (is)(are) dismissed on the motion of the United States.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay monetary penalties, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence: January 4, 2006

Signature of Judicial Officer

Lacy H. Thornburg
United States District Judge

Date: 1-19-06

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of <u>151 Months</u>.

<u>X</u>  The Court makes the following recommendations to the Bureau of Prisons:
The Court calls to the attention of the custodial authorities that defendant has a history of substance abuse and recommends he be allowed to participate in any available substance abuse treatment programs while incarcerated pursuant to 18 USC 3621(e)(2). It is also recommended that defendant be allowed to participate in educational and vocational opportunities while incarcerated. It is further ordered that defendant be required to support all dependents from prison earnings while incarcerated, as outlined in the presentence report.

<u>X</u>  The defendant is remanded to the custody of the United States Marshal.

__  The defendant shall surrender to the United States Marshal for this district:

  __  At ____ On ___.
  __  As notified by the United States Marshal.

__  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  __  Before 2 pm on .
  __  As notified by the United States Marshal.
  __  As notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ To _____

At _____, with a certified copy of this Judgment.

United States Marshal

By

Deputy Marshal

AO 245B (WDNC Rev. 4/04) Judgment in a Criminal Case

Defendant: RAYMOND RONALD JENNINGS  
Case Number: 1:05cr15-1

Judgment-Page 3 of 5

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of <u>3 Years</u>.

— The condition for mandatory drug testing is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

### STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court and any additional conditions ordered.

1. The defendant shall not commit another federal, state, or local crime.
2. The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon.
3. The defendant shall pay any financial obligation imposed by this judgment remaining unpaid as of the commencement of the sentence of probation or the term of supervised release on a schedule to be established by the court.
4. The defendant shall provide access to any personal or business financial information as requested by the probation officer.
5. The defendant shall not acquire any new lines of credit unless authorized to do so in advance by the probation officer.
6. The defendant shall not leave the Western District of North Carolina without the permission of the Court or probation officer.
7. The defendant shall report in person to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
8. A defendant on supervised release shall report in person to the probation officer in the district to which he or she is released within 72 hours of release from custody of the Bureau of Prisons.
9. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
10. The defendant shall support his or her dependents and meet other family responsibilities.
11. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other activities authorized by the probation officer.
12. The defendant shall notify the probation officer within 72 hours of any change in residence or employment.
13. The defendant shall refrain from excessive use of alcohol and shall not unlawfully purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as duly prescribed by a licensed physician.
14. The defendant shall participate in a program of testing and treatment or both for substance abuse if directed to do so by the probation officer, until such time as the defendant is released from the program by the probation officer; provided, however, that defendant shall submit to a drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter for use of any controlled substance, subject to the provisions of 18:3563(a)(5) or 18:3583(d), respectively.
15. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
16. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
17. The defendant shall submit his person, residence, office or vehicle to a search, from time to time, conducted by any U.S. Probation Officer and such other law enforcement personnel as the probation officer may deem advisable, without a warrant; and failure to submit to such a search may be grounds for revocation of probation or supervised release. The defendant shall warn other residents or occupants that such premises or vehicle may be subject to searches pursuant to this condition.
18. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed by the probation officer.
19. The defendant shall notify the probation officer within 72 hours of defendant's being arrested or questioned by a law enforcement officer.
20. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.
21. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
22. If the instant offense was committed on or after 4/24/96, the defendant shall notify the probation officer of any material changes in defendant's economic circumstances which may affect the defendant's ability to pay any monetary penalty.
23. If home confinement (home detention, home incarceration or curfew) is included you may be required to pay all or part of the cost of the electronic monitoring or other location verification system program based upon your ability to pay as determined by the probation officer.
24. The defendant shall cooperate in the collection of DNA as directed by the probation officer.

ADDITIONAL CONDITIONS:

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments.

| ASSESSMENT | FINE | RESTITUTION |
|---|---|---|
| $100.00 | $0.00 | $11,200.00 |

### FINE

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

_X_     The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

_X_     The interest requirement is waived.

___     The interest requirement is modified as follows:

### COURT APPOINTED COUNSEL FEES

_X_     The defendant shall pay court appointed counsel fees.

___     The defendant shall pay $_____ Towards court appointed fees.

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A __    Lump sum payment of $ _____ Due immediately, balance due

   __    Not later than _____ , or
   __    In accordance ___ (C), ___ (D) below; or

B  X    Payment to begin immediately (may be combined with   __ (C),   X (D) below); or

C  __   Payment in equal _____ (E.g. weekly, monthly, quarterly) installments of $ _____ To commence _____
        _ (E.g. 30 or 60 days) after the date of this judgment; or

D  X    Payment in equal __Monthly__ (E.g. weekly, monthly, quarterly) installments of $ __50.00__ To commence __60__
        (E.g. 30 or 60 days) after release from imprisonment to a term of supervision. In the event the entire amount
        of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S.
        Probation Officer shall pursue collection of the amount due, and may request the court to establish or modify a
        payment schedule if appropriate 18 U.S.C. § 3572.

Special instructions regarding the payment of criminal monetary penalties:

__ The defendant shall pay the cost of prosecution.
__ The defendant shall pay the following court costs:
__ The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the United States District Court Clerk, 309 U.S. Courthouse, 100 Otis Street, Asheville, NC, 28801, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program. All criminal monetary penalty payments are to be made as directed by the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

# RESTITUTION PAYEES

The defendant shall make restitution to the following payees in the amounts listed below:

| NAME OF PAYEE | AMOUNT OF RESTITUTION ORDERED |
|---|---|
| First Citizens Bank | $11,200.00 |

X   The defendant is jointly and severally liable with co-defendants, Kenny Dale Chandler (1:05cr15-2), and Travis Denorris Arnold (1:04cr82) for the total amount of restitution.

_   Any payment not in full shall be divided proportionately among victims.