THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:12-cv-289-MR
[1:05-cr-15-MR-1]

| | | |
|---|---|---|
| RAYMOND R. JENNINGS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, [Doc. 1], on Petitioner's Motion to Amend/Correct the Motion to Vacate, [Doc. 2], on Petitioner's Supplemental Motion to Vacate, [Doc. 3], and on Petitioner's Second Supplemental Motion to Vacate, [Doc. 4].[1]  Petitioner seeks relief from his sentence on the basis of the Fourth Circuit's *en banc* decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).  For the reasons that follow, Petitioner's Section 2255 motion will be dismissed as untimely.[2]

---

[1] On July 3, 2012, this Court entered an Order pursuant to Castro v. United States, 540 U.S. 375 (2003), instructing Petitioner to indicate whether he wanted the petition, which was originally filed pursuant to 28 U.S.C. § 2241, as a motion to vacate under 28 U.S.C. § 2255.  [Case No. 1:05-cr-15, Doc. 59].  On July 23, 2012, Petitioner answered that he did intend for the Court to construe his filing as a Section 2255 motion.  [Id., Doc. 61].
[2] On November 7, 2012, the Federal Defenders Office filed a Notice of Intent to

1

## I. BACKGROUND

On June 17, 2005, Petitioner pled guilty pursuant to a written plea agreement to bank robbery by violence and aiding and abetting the same, in violation of 18 U.S.C. § 2113(a)(2). [Case No. 1:05-cr-15, Doc. 15: Plea Agreement; Doc. 31: Judgment]. Petitioner was designated as a career offender under U.S.S.G. § 4B1.1. See [Id., Doc. 42: Presentence Report]. On January 4, 2006, this Court sentenced Petitioner to 151 months' imprisonment. See [Id., Doc. 31]. The Court entered judgment on January 19, 2006. [Id.]. Petitioner appealed, and the Fourth Circuit affirmed his conviction and sentence on December 18, 2006. United States v. Jennings, 210 Fed. App'x 314 (4th Cir. 2006). The Fourth Circuit issued its mandate on January 11, 2007, and Petitioner did not file a petition for writ of certiorari with the Supreme Court.

Petitioner placed the motion in the prison mail system on October 11, 2011, and the motion was stamp-filed in this Court on October 14, 2011. In his petition, Petitioner seeks relief from the 151-month sentence based on his contention that his prior convictions are no longer qualifying predicate

---

Conduct a Simmons Review. [Doc. 5]. The Court has not received any additional filings from the Federal Defenders Office. The Court will not await further notice from the Federal Defenders Office because, as discussed in this Order, regardless of the timeliness of his Section 2255 motion, Petitioner is not entitled to relief under Simmons from his sentence based on his designation as a career offender.

felonies after Simmons.  Petitioner contends that his petition is timely under 28 U.S.C. § 2255(f)(4) because Simmons was a new "fact" under Section 2255(f)(4).  Alternatively, Petitioner seeks "equitable tolling" in the event his petition is deemed to be untimely.

## II.  STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein.  After examining the record in this matter, the Court finds that the motion to vacate can be resolved without a response from the Government and without an evidentiary hearing based on the record and governing case law.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA").  Under the AEDPA, there is a one-year statute of limitations for filing a motion for collateral relief.  Section 2255(f) provides:

(f) A 1-year period of limitation shall apply to a motion under

this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Petitioner's judgment became final when his right to file a petition for certiorari expired on April 11, 2007, or 90 days after the entry of the Fourth Circuit's mandate (January 11, 2007). See Clay v. United States, 537 U.S. 522, 530 (2003). Because Petitioner did not file his motion to vacate until on or around October 11, 2011, his motion is untimely under Section 2255(f)(1).

Petitioner concedes that he did not file the Section 2255 petition within one year of the date on which his conviction became final. Petitioner argues, however, that the petition is timely under Section 2255(f)(4), which

4

provides that a petition may be filed within one year after "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Petitioner asserts that the holding in Simmons that the predicate felony used to support his enhanced sentence is no longer a qualifying felony constitutes a new "fact," triggering the re-opening of the one-year time period. "Facts" as used in Section 2255(f)(4), however, refers to an actual or alleged event or circumstances, not to the date a petitioner recognizes its legal significance. See United States v. Pollard, 416 F.3d 48, 55 (D.C. Cir. 2005). Section 2255(f)(4), therefore, may not be used to re-open the time period for filing an initial Section 2255 petition on the basis of new legal authority; rather "subsequent interpretations of the law 'can be the basis of delay in filing a § 2255 motion only in accordance with § 2255(f)(3).'" Sun Bear v. United States, 644 F.3d 700, 702 n.5 (8th Cir. 2011) (en banc) (quoting district court opinion).

Petitioner does not allege that he recently discovered any new facts pertinent to his claim for relief under Simmons. Instead, Petitioner relies entirely on the change in the law that Simmons recognized. Because Section 2255(f)(4) does not serve to re-open the time period for filing an initial Section 2255 under these circumstances, it does not render

Petitioner's motion timely. Accord McLeod v. United States, No. 5:12cv622, 2013 WL 831633 (E.D.N.C. Mar. 6, 2013) (petitioner's motion to vacate seeking Simmons relief was not timely under Section 2255(f)(4)). In sum, Petitioner's motion to vacate is time-barred.

Finally, even if this Court were to apply equitable tolling, Petitioner would still not be entitled to Simmons relief because he received a sentence that was less than the statutory maximum sentence allowed even without the sentencing enhancement. See United States v. Powell, 691 F.3d 554, 563 n.2 (4th Cir. 2012) (King, J., dissenting in part and concurring in the judgment in part).

## IV. CONCLUSION

In sum, Petitioner's Section 2255 motion is time-barred.

The Court finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)). Petitioner has failed to demonstrate both that this Court's

dispositive procedural rulings are debatable, and that his Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

**IT IS THEREFORE ORDERED THAT** Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence, [Doc. 1], his Supplement Motion to Vacate, [Doc. 3], and his Second Supplemental Motion to Vacate, [Doc. 4], are **DISMISSED** with prejudice as untimely. Petitioner's Motion to Amend/Correct/Set Aside Sentence, [Doc. 2], is **GRANTED**, and the Court has considered Petitioner's arguments in the motion to amend in conducting this initial screening.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.

Signed: June 10,

Martin Reidinger
United States District Judge